**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMED N. AL DAHRI,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  15-72069<br><br>Agency No. A075-319-304<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted March 15, 2018
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and ADELMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Ahmed Al Dahri petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of asylum by an immigration judge (IJ). We have jurisdiction under 8 U.S.C. § 1252.

At Al Dahri's immigration proceedings, immigration officer Steven Pantos testified regarding his interview with Al Dahri, read his contemporaneous notes of that interview into the record, testified regarding his Assessment to Refer, and Al Dahri was able to cross examine him. Accordingly, Pantos's notes had a "sufficient indicia of reliability," and the IJ did not err in admitting them into evidence and relying on them. *Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005).

The agency's adverse credibility determination was supported by substantial evidence. The BIA and IJ identified multiple inconsistencies between Al Dahri's asylum application and initial interview with Pantos (where he expressed fear of persecution from the ruling party in Yemen due to his leadership position in the Yemen Socialist Party) and his subsequent testimony at the immigration proceedings, where he minimized his role in the party. These substantially different accounts of the nature of his membership in the Yemen Socialist Party are material alterations in Al Dahri's account of persecution that go to the heart of the

asylum claim, *see Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009),[1] and are

"sufficient to support an adverse credibility finding," *Zamanov v. Holder*, 649 F.3d

969, 973 (9th Cir. 2011).

In light of this adverse credibility determination, the agency's conclusion

that Al Dahri is statutorily ineligible for asylum because he "ordered, incited,

assisted, or otherwise participated in the persecution of" political opponents, 8

U.S.C. § 1101(a)(42), is also supported by substantial evidence.  In *Matter of D-R-*,

27 I. & N. Dec. 105 (BIA 2017), the BIA declined to apply the interpretation of

"assisted, or otherwise participated" outlined in *Miranda Alvarado v. Gonzales*,

449 F.3d 915, 926–30 (9th Cir. 2006), and stated it would "instead, exercise our

authority to provide guidance on the definition of the term" pursuant to *Chevron,*

*U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984), and

*National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545

U.S. 967 (2005).  *Matter of D-R-*, 27 I. & N. Dec. at 118–19.  We need not

determine whether *Matter of D-R-* supercedes the standard we outlined in *Miranda*

*Alvarado* because under either standard, Al Dahri is statutorily ineligible for

asylum.

---

[1] Because Al Dahri's asylum application was filed before May 11, 2005, we apply the legal standard applicable before the enactment of the REAL ID Act.  *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

Applying the *Matter of D-R-* standard, there was "a nexus between an [Al Dahri's] acts and the persecution," *id.*, because Al Dahri's role in ordering political opponents "[s]eized, arrested or held," and "giv[ing] some guidance" in interrogations, "contributed to the ultimate harm," *id.* at 120 (citation omitted). Al Dahri also had "prior or contemporaneous knowledge of the effect of his actions," *id.* at 118, because he knew that the "known" methods of interrogation involved "physical hurting." Because Al Dahri was in a "position of authority" over the interrogators who undertook the persecution, he "may be held accountable for failure to prevent his subordinates from committing such acts" as well as his "failure to investigate or punish his subordinates." *Id.* at 121.

Applying the *Miranda Alvarado* standard, the record indicates Al Dahri had the requisite "personal involvement and purposeful assistance" in acts of persecution. 449 F.3d at 927. Al Dahri was personally involved in acts of persecution, going beyond "mere membership" in a party that engaged in acts of persecution, as he held a position in the party that allowed him to direct police to arrest and interrogate specific opposition members. *Id.* at 928–29. Given that he knew that interrogations involved physical harm, his assistance in interrogations and arrests was "in furtherance of the particular form of persecution that occurred."

*Id.* at 929. Al Dahri "makes no colorable claim that his actions were motivated by self-defense or similar extenuating circumstances." *Id.*

Therefore, the government offered "sufficient prima facie evidence to indicate that [Al Dahri] 'incited, assisted, or otherwise participated in' the persecution of persons" on account of a protected ground and the burden shifts to Al Dahri to show the persecutor bar is not applicable. *Matter of A-H-*, 23 I. & N. Dec. 774, 786 (U.S. Dep't of Justice 2005). In the absence of Al Dahri's non-credible testimony, Al Dahri failed to prove by a preponderance of the evidence that the persecutor bar does not apply. 8 C.F.R. § 1240.8(d).

Al Dahri's due process claim also fails. None of the incidents he characterizes as prejudicial are "so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citation omitted). The IJ's references to Al Dahri being a communist were predicated on Al Dahri's own statements in his asylum application and testimony. Furthermore, the IJ asked about Al Dahri's English fluency to determine whether a translator was needed and subsequently provided one. Finally, the IJ did not refer to Al Dahri as "Hitler" but rather asked Al Dahri why he was taking the oath in a manner that resembled a "Mussolini or Hitler salute."

We reject Al Dahri's argument that the IJ erred by failing to review the three letters from the Yemeni human rights organizations. There is no indication that the letters contained "highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). Nor did the IJ err by failing to mention this evidence; the IJ is not required to "parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation omitted).

**PETITION DENIED.**